Jose **ZAMORANO–VASQUEZ,**
Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71479.

United States Court of Appeals,
Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

Robert Justin Driscoll, Esq., Driscoll Law Office, Denver, CO, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the District Counsel Department of Homeland Security, Roger W. Haines, Jr., Esq., USSD–Office of the U.S. Attorney San Diego, CA, Emily A. Radford, Esq., Ari Nazarov, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Jose Zamorano–Vasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's order denying Zamorano–Vasquez's motion to reopen proceedings to seek special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997. Pursuant to the REAL ID Act of 2005, we construe Zamorano–Vasquez's transferred habeas petition as a petition for review. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 928–29 (9th Cir.2005). We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion when it determined that the evidence Zamorano–Vasquez submitted with his motion to reopen was not reliable and inadequate to meet his burden of proof because of his previous, inconsistent testimony and the government's failure to find evidence corroborating Zamorano–Vasquez's claims

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in its records. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Zamorano–Vasquez's contention that the April 1, 1990 asylum filing deadline should have been equitably tolled is foreclosed by *Munoz v. Ashcroft,* 339 F.3d 950, 956–57 (9th Cir.2003) (holding that the April 1, 1990 deadline is not subject to equitable tolling).

We lack jurisdiction to consider Zamorano–Vasquez's contentions regarding ineffective assistance of counsel because he failed to raise those claims before the BIA. *See Liu v. Waters,* 55 F.3d 421, 425–26 (9th Cir.1995) (petitioner is required to exhaust ineffective assistance of counsel claims in a motion to reopen before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.